**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAY HOON CHOI,<br><br>    **Plaintiff,**<br><br>v.<br><br>**BOROUGH OF PALISADES PARK, et al.,**<br><br>    **Defendants.** | Civil Action No.: 16-5398 (JLL) (JAD)<br><br>**REPORT AND RECOMMENDATION** |

**JOSEPH A. DICKSON, U.S.M.J.**

      This matter comes before the Court, sua sponte, concerning Plaintiff's ongoing failure to prosecute this case. The Court resolves this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. After having carefully considered the docket for this matter, and for good cause shown; and

      **WHEREAS**, on or about December 4, 2016, Plaintiff's counsel submitted an ex parte letter to chambers requesting that the Court stay this case for certain confidential medical reasons. The Court understood that Defendants did not object to Plaintiff's request and, by Order dated December 7, 2016, this Court stayed the case through February 9, 2017. (ECF No. 9). The Court also required Plaintiff to submit a status report on or before that date. (Id.); and

      **WHEREAS** Plaintiff's counsel submitted an ex parte status update on or about January 18, 2017. Based on that update, and again understanding that defense counsel had no objection, the Court extended the stay through and including May 10, 2017. (ECF No. 11). The Court also required Plaintiff's counsel to submit a status report on or before that date. (Id.); and

**WHEREAS** on or about May 10, 2017, Plaintiff's counsel submitted another ex parte status letter. Plaintiff's counsel explained, in essence, that Plaintiff was in the process of finding replacement counsel, and requested that the Court extend the existing stay to afford Plaintiff adequate time to do so. On May 12, 2017, this Court entered the following Order:

> The Court understanding that Plaintiff is in the process of finding new counsel, this matter is stayed through and including 6/26/17. Plaintiff's new counsel shall file a substitution of counsel on or before that date. Plaintiff's current counsel shall provide Plaintiff notice of this Order, by electronic mail, and shall thereafter promptly file a certification confirming that service.

(ECF No. 14). By ex parte letter submitted on or about May 16, 2017, Plaintiff's counsel advised the Court that he served his client with a copy of this Court's May 12, 2017 Order, as directed;[1] and

**WHEREAS**, having heard nothing from Plaintiff by the June 26, 2017 deadline, this Court entered the following Order on July 6, 2017:

> By Order dated 5/12/17, and understanding that Plaintiff was in the process of finding new counsel, the Court directed Plaintiff's new attorney to file a substitution of counsel on or before 6/26/17. To date, Plaintiff's original attorney remains counsel of record and it is unclear what steps, if any, Plaintiff has taken to obtain new counsel. Plaintiff shall file a status letter on or before 7/20/17. Plaintiff's current counsel of record shall serve a copy of this Order upon Plaintiff by electronic mail, and shall thereafter file a certification confirming that service.

(ECF No. 15). By ex parte letter submitted on or about July 14, 2017, Plaintiff's counsel advised the Court that he served his client with a copy of this Court's July 6, 2017 Order, as directed, on or about July 7, 2017; and

---

[1] The Court understands that Plaintiff's counsel submitted his Certification of Service on an ex parte basis because he included attorney-client communications as exhibits thereto.

**WHEREAS** Plaintiff did not comply with the July 6, 2017 Order. On November 30, 2017, this Court entered an Order to Show Cause recounting Plaintiff's failure to participate in this matter and Ordering:

> [O]n or before December 22, 2017, Plaintiff shall file a written submission with the Clerk of the Court demonstrating why the District Court should not dismiss his claims for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff's submission must address each of the [factors enumerated Poulis v. State Farm Fire & Cas.Co., 747 F.2d 863, 868 (3d Cir. 1984)]. Plaintiff must also advise the Court of the steps he has taken to obtain new counsel, or alternatively, if he intends to proceed either with his current counsel of record or as a pro se litigant;

(Nov. 30, 2017 Order at 4, ECF No. 17). The Court expressly cautioned Plaintiff that if he failed to make that submission, "his claims may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) without further warning." (Id.). The Court also directed Plaintiff's counsel of record to send Plaintiff a copy of the Order to Show Cause via electronic mail. (Id.); and

**WHEREAS** Plaintiff's counsel thereafter represented that, due to a technical issue, he did not receive notice of the Court's November 30, 2017 Order to Show Cause until December 22, 2017, and therefore had not yet sent a copy to Plaintiff. By Order dated December 27, 2017, this Court extended Plaintiff's time to respond to the Order to Show Cause through January 19, 2018, and directed counsel to send Plaintiff copies of both the November 30, 2017 Order to Show Cause and the December 27, 2017 Order. (ECF No. 18). By letter dated December 28, 2017, Plaintiff's counsel described his efforts to serve Plaintiff in accordance with the Court's December 27, 2017 Order. (ECF No. 18). Upon the Court's review of that submission, however, it appeared that Plaintiff's counsel sent Plaintiff a copy of the docket text regarding the Court's November 30, 2017 Order to Show Cause (i.e., the abbreviated description of that Order), but not a copy of the Order to Show Cause itself. Therefore, by Order dated January 31, 2017, the Court again directed Plaintiff's counsel to send Plaintiff a copy of that Order to Show Cause and extended Plaintiff's

3

time to file a response through and including March 2, 2018. (ECF No. 21). On February 2, 2018, Plaintiff's counsel filed a certification explaining that he sent Plaintiff copies of: (1) the November 30, 2017 Order to Show Cause; (2) the December 27, 2017 Order; and (3) the February 1, 2018 Order. (ECF No. 22); and

**WHEREAS** Plaintiff has not, to date, complied with or otherwise responded to this Court's May 12, 2017 or July 6, 2017 Orders, or this Court's November 30, 2017 Order to Show Cause. Plaintiff has not taken any substantive action (i.e., any action unrelated to counsel's stay request) in this case for over a year, and essentially no action at all since his counsel's July 14, 2017 letter. Indeed, since that time, the only activity in this case has been defense counsel's October 16, 2017 letter noting Plaintiff's ongoing inactivity and seeking the Court's guidance as to how to proceed, (ECF No. 16), this Court's subsequent Orders, (ECF Nos. 17, 18, 21), and Mr. Kelsen's submissions regarding his efforts to serve those Orders on Plaintiff. (ECF Nos. 19, 22). This case remains in the same procedural posture as it was more than a year ago, and Mr. Kelsen is still Plaintiff's counsel of record. He has not filed a motion to withdraw as counsel and Plaintiff has not arranged for replacement counsel to file a substitution; and

**WHEREAS** Fed R. Civ. P. 41(b) permits a Court to dismiss a Complaint, sua sponte, for failure to prosecute. See, e.g., Parks v. Ingersoll-Rand Co., 380 F. App'x 190, 195-96 (3d Cir. 2010) (noting the Supreme Court held that Fed. R. Civ. P. 41(b) allows for sua sponte dismissals in the context of a failure to prosecute); and

**WHEREAS** a District Court may dismiss a case for failure to prosecute under Rule 41(b) when, on balance, the following factors weigh in favor of dismissal: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party

4

or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions, and (6) the meritoriousness of the claim or defense. See <u>Poulis v. State Farm Fire & Cas.Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984); and

**WHEREAS**, when a plaintiff's conduct makes it impossible for the Court to resolve a case on its merits, the District Court may dismiss that litigant's claims without conducting a <u>Poulis</u> analysis. See <u>Shipman v Delaware</u>, 381 F. App'x 162, 164 (3d Cir. 2010) ("But when a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary.") (citations omitted); and

**WHEREAS** the Court notes that Plaintiff has now ignored multiple, consecutive Orders of this Court, and it appears that Plaintiff may have abandoned his claims in this matter altogether. Plaintiff's history of dilatory behavior, described above, is well documented. Moreover, as Mr. Kelsen provided Plaintiff with notice of this Court's Orders, and Plaintiff nonetheless failed to comply with them or otherwise engage in this matter, the Court finds that Plaintiff bears personal responsibility for his dilatory conduct, and that Plaintiff's failure to participate in this matter appears to be willful. Moreover, Plaintiff's conduct has prejudiced Defendants, as they have been unable to take discovery on Plaintiff's claims or otherwise move this matter forward.[2] The Court also finds that no sanction short of dismissal would be effective. The Court has now issued several orders directing Plaintiff to participate in this case and he has ignored each one. Indeed, in its November 30, 2017 Order to Show Cause, this Court explicitly warned Plaintiff that his claims might be dismissed without further warning if he failed to file a response, and yet he declined to

---

[2] The Court notes that certain Defendants filed a motion to dismiss Plaintiff's claims on October 17, 2016. (ECF No. 4). By Order dated December 7, 2016, by which this Court originally granted Plaintiff's informal request for a stay, this Court also administratively terminated Defendant's motion in light of that stay. (ECF No. 9). Defendants' motion has therefore remained in stasis for more than 15 months.

5

do so. (Nov. 30, 2017 Order at 4, ECF No. 17). If the threat of imminent dismissal is insufficient to secure Plaintiff's participation, it is obvious that no lesser sanction would be adequate. With regard to the final Poulis factor, the Court will assume, without deciding, that Plaintiff's claims have some facial merit; and

**WHEREAS**, when considered together, the Poulis factors weigh overwhelmingly in favor of dismissal;

**IT IS ON THIS** 15th day of March, 2018;

**RECOMMENDED** that the District Court dismiss Plaintiff's claims, without prejudice, for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b);[3] and it is

**ORDERED** that Plaintiff's counsel of record shall promptly serve Plaintiff with a copy of this Order, by electronic mail, and shall thereafter electronically file a certification confirming that service. Counsel need not include attorney-client privileged communications as part of that publicly filed certification.

JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Jose L. Linares, C.J.

---

[3] Pursuant to Local Civil Rule 72.1, to the extent Plaintiff objects to this Court's proposed findings and/or recommendations, Plaintiff must serve and file specific written objections within 14 days of being served with this document.